UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1603 PSG (KKx) | Date | November 29, 2021 |
|---|---|---|---|
| Title | Carlos Anaya, et al. v. Mars Petcare US, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court DENIES Plaintiff's motion to remand.

Before the Court is a motion to remand filed by Plaintiff Carlos Anaya ("Plaintiff"). *See generally* Dkt. # 16 ("*Mot.*"). Defendants Mars Petcare US, Inc. and Mars, Incorporated ("Defendants") opposed. *See generally* Dkt. # 20 ("*Opp.*"). Plaintiff replied. *See generally* Dkt. # 21 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving, opposing, and reply papers, the Court **DENIES** Plaintiff's motion.

I.  Background

Plaintiff worked as an hourly, non-exempt maintenance technician for Defendants from 2016 to 2018. *First Amended Complaint*, Dkt. # 1-2 ("*FAC*"), ¶ 4.

On November 1, 2019, Plaintiff filed a class action complaint in the Superior Court for the County of San Diego, asserting numerous violations of the California Labor Code and Business & Professions Code on behalf of "[a]ll persons who worked for Defendants as non-exempt, hourly paid employees in California, within four years prior to the filing of the initial complaint until the date of trial." *Complaint*, Dkt. # 1-1, ¶¶ 38, 43 126. Plaintiff filed the operative First Amended Complaint ("FAC") on December 23, 2019, asserting ten causes of action:

> First Cause of Action: Unpaid overtime, Cal. Lab. Code §§ 510, 1198. *FAC* ¶¶ 57 72.
>
> Second Cause of Action: Unpaid minimum wages, Cal. Lab. Code §§ 1182.12, 1194, 1197, 1197.1, 1198. *FAC* ¶¶ 73 79.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1603 PSG (KKx) | Date | November 29, 2021 |
|---|---|---|---|
| Title | Carlos Anaya, et al. v. Mars Petcare US, Inc., et al. | | |

Third Cause of Action: Meal period violations, Cal. Lab. Code §§ 226.7, 512(a), 516, 1198. *FAC* ¶¶ 80 89.

Fourth Cause of Action: Rest period violations, Cal. Lab. Code §§ 226.7, 516, 1198. *FAC* ¶¶ 90 100.

Fifth Cause of Action: Wages not timely paid upon termination, Cal. Lab. Code §§ 201, 202. *FAC* ¶¶ 101 05.

Sixth Cause of Action: Failure to provide one day's rest in seven, Cal. Lab. Code §§ 551, 552, 558. *FAC* ¶¶ 106 11.

Seventh Cause of Action: Unpaid business-related expenses, Cal. Lab. Code § 2802. *FAC* ¶¶ 112 18.

Eighth Cause of Action: Civil penalties for violations of the California Labor Code pursuant to the Private Attorneys General Act, Cal. Lab. Code §§ 2698, et seq. *FAC* ¶¶ 119 38.

Ninth Cause of Action: Unlawful business practices, Cal. Bus. & Prof. Code §§ 17200, et seq. *FAC* ¶¶ 139 54.

Tenth Cause of Action: Unfair business practices, Cal. Bus. & Prof. Code §§ 17200, et seq. *FAC* ¶¶ 155 60.

Plaintiff served Defendants with the FAC on December 31, 2019. *See* Dkt. # 1-3. The case was then coordinated with two other actions in the County of San Bernardino Superior Court. *See* Dkt. # 1-31; *Declaration of Mark Ozzello*, Dkt. # 16-1, ¶ 3.

On September 20, 2021, Defendants removed the case to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See generally Notice of Removal*, Dkt. # 1 ("*NOR*"). Plaintiff now moves to remand the matter to the Superior Court, contending that Defendants' removal was untimely. *See generally Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1603 PSG (KKx) | Date | November 29, 2021 |
|---|---|---|---|
| Title | Carlos Anaya, et al. v. Mars Petcare US, Inc., et al. | | |

II.     <u>Request for Judicial Notice</u>

Along with their opposition, Defendants filed a request for judicial notice of several items, including various filings and orders in a related case. *See generally* Dkt. # 20-3. While the Court recognizes that these items are likely proper subjects for judicial notice, the Court does not find the items necessary for deciding this motion and therefore need not take judicial notice of them.

III.     <u>Legal Standard</u>

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to remand the case to the state court from which it came if the district court lacks subject matter jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds $5 million; (2) any plaintiff class member is a citizen of a state different from any defendant; and (3) the number of plaintiffs in the putative class is at least 100. *See* 28 U.S.C. § 1332(d). "[N]o antiremoval presumption attends cases involving CAFA." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)).

A defendant generally must remove a case to federal court within 30 days of receiving the complaint. *See* 28 U.S.C. §§ 1446(b)(1), 1453(b); *see also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014). However, if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after "receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). To determine whether either 30-day clock is triggered, "defendants need not make extrapolations or engage in guesswork; yet the statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (internal quotation marks and citation omitted); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005) (rejecting the imposition of "an undue burden to investigate removal within the first thirty days of receiving an indeterminate complaint"). These two 30-day periods are not the exclusive periods to remove; provided that neither is triggered, a defendant may remove at any time based on the results of its own investigations. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1603 PSG (KKx) | Date | November 29, 2021 |
|---|---|---|---|
| Title | Carlos Anaya, et al. v. Mars Petcare US, Inc., et al. | | |

IV. Discussion

The parties do not dispute that CAFA's jurisdictional requirements are met. *See* 28 U.S.C. § 1332(d); *NOR* ¶¶ 13 61; *Mot.* 6:10 8:12. Nor could they. First, the FAC alleges that "the class is estimated to be greater than one hundred (100) individuals," *FAC* ¶ 56(a), and Defendants determined, upon review of their own records, that 292 current and former employees fall within the proposed class, *NOR* ¶ 17. Second, minimal diversity exists because Plaintiff is a citizen of California, Defendant Mars Petcare US, Inc. is a citizen of Delaware and Tennessee, and Defendant Mars, Incorporated is a citizen of Delaware and Virginia. *FAC* ¶¶ 4 6; *NOR* ¶¶ 23, 28; *Mot.* 6:16 25. Third, although the FAC does not allege a specific amount in controversy, Defendants estimate the amount in controversy to be at least $8,276,991 i.e., more than $5 million. *NOR* ¶¶ 35 60.

However, the parties disagree as to whether the FAC provided notice that the amount in controversy exceeded $5 million and, by extension, whether Defendants' removal well over a year after service of the FAC was timely. *Mot.* 5:14 10:20; *Opp.* 8:8 16:3.

As an initial matter, the Court considers Plaintiff's noncompliance with Local Rule 7-3 before turning to the timeliness of Defendants' removal.

    A. Compliance with Local Rule 7-3

Defendants state that Plaintiff failed to comply with the requirements of Local Rule 7-3 because Plaintiff's counsel first attempted to meet and confer with defense counsel the day before filing the instant motion. *Opp.* 16:4 18:8; *Declaration of Elizabeth Staggs-Wilson*, Dkt. # 20-1 ("*Staggs-Wilson Decl.*"), ¶ 2.

The Local Rules and this Court's standing order require counsel to meet and confer at least seven days prior to filing a motion like the one at issue. *See* L.R. 7-3; *Standing Order Regarding Newly Assigned Cases*, Dkt. # 13, ¶ 6(b).

Here, Plaintiff's counsel did not meet and confer with defense counsel at least seven days prior to filing the instant motion, but rather on the day before and day of filing the motion. *See Staggs-Wilson Decl.* ¶ 2. Although the Court admonishes Plaintiff that future disregard for the Local Rules may result in sanctions, it declines to strike Plaintiff's motion on Rule 7-3 grounds alone. As such, the Court proceeds to consider the merits of Plaintiff's motion to remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1603 PSG (KKx) | Date | November 29, 2021 |
|---|---|---|---|
| Title | Carlos Anaya, et al. v. Mars Petcare US, Inc., et al. | | |

B. Timeliness of Removal

Plaintiff argues that the FAC provided a sufficient basis to determine the grounds for removability and that Defendants' notice of removal relies largely on allegations in the FAC to calculate the amount in controversy. *Mot.* 7:3–9:25. Specifically, Plaintiff points to allegations that the class size exceeds 100 members, an exhibit to the FAC stating Plaintiff's hourly pay rate, and allegations supporting the violation rates assumed in Defendants' amount-in-controversy calculations. *Id.* 7:10–25, 9:19–25.

Defendants counter that they could not ascertain the amount in controversy from the FAC alone because it does not specify the class size, number of workweeks at issue, or number of putative class members terminated during the class period. *Opp.* 11:5–20, 13:1–16. They argue that nothing in the FAC suggests how many putative class members were employed throughout the four-year class period or how many weeks they worked per year. *Id.* 12:3–6. Instead, Defendants examined their own records to determine that the proposed class includes an estimated 292 members, who collectively worked 43,021 weeks throughout the class period, and 164 of whom were terminated during the class period. *Id.* 12:9–12; *Declaration of Kelly Commarato*, Dkt. # 20-2, ¶¶ 7–9.

In reply, Plaintiff argues that "Defendants' refusal to make any determination" about removability within 30 days of being served with the FAC was improper and that they should not be allowed to remove after litigating for almost two years in state court. *Reply* 10:19–23. Additionally, Plaintiff contends that the records Defendants used to determine the number of workweeks at issue were "readily available to them" when they were served with the FAC. *Id.* 7:27–8:2, 9:12–14.

The Court agrees with Defendants. Plaintiff fails to demonstrate how the amount in controversy was ascertainable based on the allegations contained in the FAC or any other paper or pleading provided to Defendants. Although the notice of removal relies on many allegations in the FAC to calculate the amount in controversy, it also relies on the 43,021 weeks worked by putative class members and the 164 putative class members discharged during the class period—i.e., the results of Defendants' own investigation. *See NOR* ¶¶ 39–59. Plaintiff contends that Defendants could have calculated the amount in controversy by using the minimum class size alleged in the FAC—100 members—and assuming each putative class member worked 50 weeks a year for the entire class period. *Mot.* 8:6–10. But the FAC does not allege as much, and "defendants need not make extrapolations or engage in guesswork." *See Kuxhausen*, 707 F.3d at 1140. Nor must they investigate beyond the complaint. *See Stiren v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1603 PSG (KKx) | Date | November 29, 2021 |
|---|---|---|---|
| Title | Carlos Anaya, et al. v. Mars Petcare US, Inc., et al. | | |

*Lowes Home Ctrs., LLC*, No. SA CV 19-00157 JLS (KESx), 2019 WL 1958511, at *3 (C.D. Cal. May 2, 2019) ("[D]efendants are not charged with *any* investigation, not even into their own records."). While defendants must "apply a reasonable amount of intelligence," which includes "[m]ultiplying figures clearly stated in a complaint," *Kuxhausen*, 707 F.3d at 1140 (citation omitted), the FAC does not provide any estimate of the weeks worked by putative class members. *See Rodriguez v. URS Midwest, Inc.*, No. ED CV 20-2365 JWH (SPx), 2021 WL 289354, at *3 (C.D. Cal. Jan. 27, 2021) (finding removal timely because amount-in-controversy calculations, based in part on defendants' investigation into workweeks at issue, went beyond multiplying figures in complaint).

Plaintiff next argues that because the FAC alleges that his damages do not exceed $75,000, *FAC* ¶ 1, Defendants should have multiplied $74,999 by 100 class members to determine that the amount in controversy was at least $7.49 million. *Mot.* 8:13–9:6. The Court is not swayed by this illogical argument. *See Rodriguez*, 2021 WL 289354, at *3 (rejecting identical argument in wage-and-hour class action). Moreover, Plaintiff's reliance on *Avila v. Rue21, Inc.*, 432 F. Supp. 3d 1175 (E.D. Cal. 2020) is misplaced. In that case, the court multiplied $74,999 — i.e., the maximum individual damages supported by the allegations — by 51 class members — i.e., the minimum class size as pled — to determine that the figures stated in the complaint *did not demonstrate* that the amount in controversy exceeded $5 million. *Id.* at 1181–82. The converse is not necessarily true, as Plaintiff's allegation that his damages *do not exceed $75,000* certainly does not imply that his damages — or those of any other putative class member — are anywhere close to $74,999. Rather, the allegation "does not preclude [Plaintiff's] damages from being substantially less than" that sum. *See Rodriguez*, 2021 WL 289354, at *3.

Because the FAC did not affirmatively reveal sufficient facts to ascertain the amount in controversy, and was therefore "indeterminate" as to removal, the 30-day clock was never triggered. *See Harris*, 425 F.3d at 693–94 ("[N]otice of removability . . . is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry"); *Kuxhausen*, 707 F.3d at 1139. Defendants thus remained free to remove at any time based on the results of their own investigation, but they had no duty to conduct that investigation within 30 days of being served with the FAC. *See Roth*, 720 F.3d at 1125–26; *Harris*, 425 F.3d at 697.

Plaintiff cites a few cases decided before *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013) in which courts held otherwise. But in *Roth*, the Ninth Circuit was abundantly clear that (1) if neither 30-day time period is triggered, "[a] CAFA case may be removed at any time"; and (2) "even if a defendant could have discovered grounds for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1603 PSG (KKx) | Date | November 29, 2021 |
|---|---|---|---|
| Title | Carlos Anaya, et al. v. Mars Petcare US, Inc., et al. | | |

removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Id.* at 1125 26.

Although Plaintiff cites one post-*Roth* case that seems to imply that a defendant's own investigation might trigger the 30-day removal clock, the case is distinguishable for at least two reasons: the defendant there (1) failed to demonstrate, when challenged, that the amount in controversy exceeded $5 million; and (2) received a document confirming the class size and pay periods necessary to calculate the amount in controversy more than 30 days before removing the case. *See Garcia v. Wal-Mart Stores Inc.*, 207 F. Supp. 3d 1114, 1125 32 (C.D. Cal. 2016). Moreover, subsequent Ninth Circuit and district court cases have repeatedly reaffirmed *Roth*'s holding that when the pleadings are indeterminate and no other paper clarifies the grounds for removal, defendants have no duty to investigate and may remove any time after ascertaining removability. *See, e.g.*, *Rea*, 742 F.3d at 1238 (if neither the pleadings or other papers "reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time"); *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 92 (9th Cir. 2018); *Rascon v. Benchmark Elecs., Inc.*, 843 F. App'x 968, 969 (9th Cir. 2021); *Gutierrez v. Stericycle, Inc.*, No. CV 15-08187 JAK (JEMx), 2017 WL 599412, at *11 (C.D. Cal. Feb. 14, 2017) (rejecting argument that "[d]efendant's own knowledge and investigation triggered the 30-day limit"); *Kernan v. Health Care Serv. Corp.*, No. CV 18 02491 ODW (SKx), 2018 WL 3046961, at *4 (C.D. Cal. June 19, 2018) ("[Defendant's] independent inquiry . . . cannot start the thirty-day removal limitation period").

Plaintiff contends that allowing defendants to investigate and remove at any time would enable them to litigate in state court for years and then remove "after obtaining an adverse decision" and unfairly "reset the litigation." *Reply* 9:20 27. But the Ninth Circuit acknowledged the "possibility of abusive gamesmanship" in *Roth* and determined that "plaintiffs are in a position to protect themselves" from such situations by providing a document enabling defendants to ascertain removability. 720 F.3d at 1126. Thus, even if defendants strategically wait to remove after lengthy litigation in state court, as long as they have not received pleadings or papers enabling them to ascertain the grounds for removability, the removal remains timely. *See Gutierrez*, 2017 WL 599412, at *12.

Finally, Plaintiff argues that Defendants were on notice that this case was removable given their removal of a related case "based on the exact same allegations" and with "a class of identical employees" within 30 days of being served with a complaint that similarly did not specify the amount in controversy. *Mot.* 9:26 10:19. This argument is without merit. Put

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1603 PSG (KKx) | Date | November 29, 2021 |
|---|---|---|---|
| Title | Carlos Anaya, et al. v. Mars Petcare US, Inc., et al. | | |

simply, "Defendant[s'] conduct in other cases is not relevant to the timeliness of removal here, as removability does not depend on [Defendants'] subjective knowledge." *Gonzalez v. Ford Motor Co.*, No. CV 19-652 PA (ASx), 2019 WL 1364976, at *4 (C.D. Cal. Mar. 22, 2019); *see Harris*, 425 F.3d at 694.[1]

In sum, because the FAC did not provide sufficient allegations to ascertain that the amount in controversy exceeded $5 million and thus that the case was removable under CAFA, and Defendants did not receive any other pleading or paper indicating as much, they were free to remove at any time after determining that the amount in controversy was sufficient. *See* 28 U.S.C. §§ 1446(b)(1), (b)(3); *Roth*, 720 F.3d at 1125; *Harris*, 425 F.3d at 693 97; *Rea*, 742 F.3d at 1238. The Court therefore finds that Defendant's removal was timely. Because the Court's subject matter jurisdiction under CAFA is not otherwise disputed, the Court **DENIES** Plaintiff's motion to remand.

V.  Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

---

[1] In his reply, Plaintiff reframes his reference to Defendants' removal of the related case as "an example of a timely and successful removal" on similar facts. *Reply* 10:1 13. This does not change the Court's conclusion as it does not affect whether the pleadings or any other paper Defendants received provided notice of *this* action's removability.